FILED

2:20 pm, 4/21/15

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | |
| RAYMOND LEE MATTHEWS ) | Case No.   14-20591 |
| SHEILA LAVERNE MATTHEWS ) | Chapter 7 |
| ) | |
| Debtors. ) | |

**OPINION ON THE AMENDED REQUEST FOR DAMAGES
TO BE PAID BY THE TRUSTEE**

On March 31, 2015, the *Amended Request for Damages to be Paid by the Trustee,* filed by Timothy and Teri Cueva ("Cuevas"), the reply filed by Tracy Zubrod ("Trustee") and the objection filed by Raymond Matthews and Sheila Matthews ("Debtors") came before the court for an evidentiary hearing. Debtors did not attend the hearing. At the conclusion of the hearing, the court took the matter under advisement. Having reviewed the record, testimony and other evidence, and parties' arguments, the court is prepared to rule.

Debtors filed for chapter 7 bankruptcy protection on August 5, 2014, listing on Schedule A, real property described as"Primary Residence - Single Family Home, 202 Main Street. . . Pine Bluffs, WY 82082." Debtors listed the current value of the real property as $156,176.00. Debtors also listed "Tim & Teri Cueva" as lienholders of the property with a claim in the amount of $40,000.00.

Based upon the value and secured debt amount asserted by Debtors, Trustee proceeded to sell the estate asset by retaining Connie Webb, with the court's approval, to market and sell the real property. On September 15, 2014, the Cuevas' attorney informed

the Trustee the property was not insured. Ms. Webb's employment was approved on September 22, 2015. Thereafter, Ms. Webb marketed the property, obtaining a cash offer which eventually resulted in the execution of a purchase contract on October 16, 2015. The purchaser and Trustee agreed to the sale price of $50,500.00. Trustee filed and served the Notice of Intent to Sell on November 3, 2014.

On November 21, 2014, Ms. Webb notified the Trustee there was extensive water damage to the property due to the pipes breaking. Unknown to Ms. Webb and the Trustee, the heat was turned off in September 2014. The electricity was still operating and paid by the Cuevas.

At the time the water damaged occurred, Mrs. Cueva approved the employment of Valley Construction of Cheyenne, LLC ("Valley Construction") to remove the water and damaged areas in the property. The Cuevas paid Valley Construction $9,043.70 for their services.

On November 24, 2014, Trustee filed a *Notice of Proposed Abandonment of Property of the Estate*. Thereafter, Cuevas filed their *"Motion for Trustee to Abandon the Property . . ."* on December 24, 2014. The court entered an *Order Granting Abandonment of Real Property* on January 14, 2015.

**Discussion**

The Cuevas request the Trustee reimburse the cost to have Valley Construction remove the water and damaged portions to the real property. Upon a review of the pleading, the court deems the Cuevas' request as a request to sue the Trustee under the *Barton* Doctrine.

The *Barton* Doctrine, first applied to a receiver for a railroad, determined a party had to obtain leave from the court of the receiver's appointment to bring suit against the receiver.[1] The Tenth Circuit Court of Appeals applied the doctrine to claims arising from acts done in the bankruptcy trustee's official capacity and with the trustee's authority as an officer of the court.[2] Bankruptcy trustees are afforded this protection because, like an equity receiver, a trustee is, in effect, working for the court that appointed or approved him/her, administering property that has come under the court's control by virtue of the Bankruptcy Code.[3] This is commonly referred to as the "leave to sue" factor of the *Barton* Doctrine analysis.

The other factor of the analysis requires, before leave to sue a trustee can be obtained, the claimant must be able to plead a prima facie case against the trustee.[4] A trustee may be "personally liable only for a willful and deliberate violation of his fiduciary duties."[5] A trustee will generally not be held personally liable for mistakes in judgment where discretion is allowed to the trustee.[6]

---

[1] *Barton v. Barbour*, 104 U.S. 126 (1881).

[2] *Satterfield v. Malloy, et al.*, 700 F.3d 1231 (10th Cir. 2012).

[3] *In re Vaughan Company, Realtors*, Case No. 10-10759, Adv. No-12-1139, 2014 Bankr. LEXIS 618, (Bankr. D.N.M., Feb. 14, 2014).

[4] *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998) citing *Barton v. Barbour*, 104 U.S. 126 (1881).

[5] *In re Chicago Pacific Corp.*, 773 F.2d 909, 915 (7th Cir. 1985, citing *Mosser v. Darrow*, 341 U.S. 267, 272 (1951).

[6] In re *Maros Gurnee Partnership*, 182 B.R. 211, 219 (N.D. Ill. 1995), citing *In re Hutchinson*, 5 F.3d 750, 753 (4th Cir. 1993).

Using the two-step analysis of the *Barton* Doctrine, this court must first determine whether the Cuevas have pleaded a prima facie case against the Trustee. To determine whether a claimant pleaded a breach of fiduciary duties, the court must consider: (1) what fiduciary duties were allegedly implicated; (2) whether these fiduciary duties were allegedly breached; and, (3) whether such breach was alleged to be willful and deliberate.[7]

(1)   Fiduciary duties allegedly implicated

The duties of a chapter 7 trustee are stated in § 704. The first two duties described are: (1) collect and reduce to money the property of the estate for which the trustee serves; and, (2) be accountable for all property received. The Chapter 7 Trustee's Handbook, states the trustee has the " duty and responsibility to insure and safeguard all estate property and property that comes into the trustee's hands by virtue of his appointment."[8] Herein, the duty the Cuevas imply was the trustee's duty to account for and safeguard the bankruptcy estate's property.

(2)   Fiduciary duties allegedly breached

The Cuevas allege they are "requesting to be reimbursed by Tracy L. Zubrod, Trustee, for the damage done to this property caused by her negligence while the property was entrusted to her." The Cuevas presented testimony and evidence that their attorney

---

[7] *In re Kids Creek Partners, L.P.* 248 B.R. 554, (Bankr. N.D. Ill, 2000).

[8] *Handbook for Chapter 7 Trustees,* Ch. 6, Page 6-3. (Eff. Mar. 1, 2001 with Jan. 1. 2005 technical amendments; and   *In re Chicago Art Glass*, 155 B.R. 180, 187 (Bankr. N.D. Ill 1993).

provided notice to the Trustee that the insurance was cancelled on this property as early as September, 2014.  Trustee, her real estate agent, Ms. Webb, and Elaine Quade, Trustee's legal assistant, did not investigate whether the heat was turned on in the building during the period the real property was being held as an asset of the bankruptcy estate.  The water damage occurred on or about November 21, 2014.  The court approved Trustee's abandonment of the property on January 14, 2015.  The court finds the property was in the "trustee's hands by virtue of her appointment" as the chapter 7 trustee on the date the damage occurred.  Despite the Trustee's responsibility to account for and safeguard the property, the property was uninsured and not heated, causing the damage.  The Cuevas have proved this element in establishing a prima facie case.

(3)   <u>Was breach willful and deliberate?</u>

Lastly, the court must determine whether the Trustee's actions were willful and deliberate. "Willful" is defined as "voluntary and intentional, but not necessarily malicious."[9]  "Deliberate" is defined as "intentional, premeditated, fully considered."[10]  Upon review of the Cuevas' request, the document specifically alleges the actions of the Trustee were "negligent."  The Cuevas did not plead nor provide evidence or testimony the Trustee's actions were willful and deliberate.  Trustee's failure to insure and maintain the heat in the building was not intentional, or premeditated.  The court does not find the Trustee's failure to insure the property or verify the heat was on rises to the level of

---

[9]   Black's Law Dictionary, 1593 (7th ed. 1999).

[10]  Black's Law Dictionary, 48 (7th ed. 1999).

willful and deliberate. The actions were negligent. The Cuevas do not meet their burden of pleading the Trustee's actions were willful and deliberate under the *Barton* Doctrine.

In conclusion, the facts alleged are not sufficient to support a prima facia case of a willful and deliberate breach of fiduciary duty. Therefore, the Cuevas failed to meet the "leave to sue" part of the *Barton* Doctrine. The Cuevas may not proceed to sue Trustee for the asserted damages.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

By the Court

4/21/2015

HONORABLE MICHAEL E. ROMERO
United States Bankruptcy Judge

Service to:
    Raymond and Sheila Matthews
    Timothy and Teri Cueva
    Tracy Zubrod